**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-50329
Summary Calendar

MARK A. HUGHES,

Plaintiff-Appellant,

v.

RISSIE OWENS; DOUG DRETKE; GERALD GARRETT; ELVIS HIGHTOWER,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 1:07-CV-133

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mark Hughes, Texas prisoner # 494140, appeals a summary judgment and the dismissal of his 42 U.S.C. § 1983 complaint. He alleges that he was denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due process because the parole board did not give serious consideration to his request for parole and failed to follow its own guidelines and legislative mandates in denying him parole.

This court reviews a summary judgment *de novo*. *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The Due Process Clause is invoked only where state procedures imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). It is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Hughes's argument that the Texas legislature has recently enacted statutes that limit the discretion of the parole board in making release decisions is without merit. His reliance on *Wilkinson v. Dotson*, 544 U.S. 74 (2005), is misplaced. The Court did not hold that a prisoner's challenge to state parole procedures necessarily states a due process claim. *See id.* at 82. Although a prisoner's challenge to a state's parole procedures may be brought under § 1983, the prisoner must show that those procedures created a liberty or property interest protected by the Due Process Clause. *See, e.g, Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). In addition, Hughes's conclusional assertion that the actions of the parole board are unconstitutionally arbitrary is insufficient to defeat summary judgment. *See Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.

1996).

Hughes contends that the district court erred in granting summary judgment on his separation-of-powers claim. Because "the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments[,]" his argument is without merit. *See Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957).

The judgment is AFFIRMED. *See Threadgill*, 145 F.3d at 292; rule 56(c).